UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>            v.<br><br>DEVYANI KHOBRAGADE and<br>AAKASH SINGH RATHORE,<br><br><br>                    Defendants. | CIVIL ACTION NO. 1:18-cv-11134<br><br><br><br>**PLAINTIFF'S MOTION FOR<br>LEAVE TO PROCEED<br>USING A PSEUDONYM** |

**PLAINTIFF JANE DOE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
LEAVE TO PROCEED USING A PSEUDONYM**

**PRELIMINARY STATEMENT**

Plaintiff, Jane Doe ("Ms. Doe" or "Plaintiff"), by and through her counsel, The Legal Aid Society and Dechert LLP, brings this motion seeking leave of court to proceed anonymously in her civil action against Devyani Khobragade ("Defendant Khobragade") and Aakash Singh Rathore ("Defendant Rathore") (together, "Defendants"), to not reveal her true identity and to prevent Defendants from further revealing her true identity to anyone outside the scope of this litigation.  Ms. Doe is a victim of labor trafficking, involuntary servitude, and forced labor. Defendants trafficked Ms. Doe from India with the promise of adequate pay and reasonable working conditions.  Defendants employed Ms. Doe as a live-in domestic worker in their home, where she had little freedom, worked long hours for little pay, and experienced psychological abuse.  Ms. Doe seeks redress for the substantial harms that she has suffered.  Defendants have a powerful network in both India and the United States, and Ms. Doe fears for her own safety and her family's safety if she is publicly named in this action.  By contrast, permitting Ms. Doe to

1

vindicate her rights under a pseudonym will not compromise any public interest, nor will it prejudice the Defendants.

Accordingly, Ms. Doe respectfully requests leave of this Court to proceed anonymously under a pseudonym.

## ARGUMENT

Ms. Doe seeks permission to use a pseudonym to protect her "from harassment, injury, ridicule or personal embarrassment." *See, e.g., United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980). Ordinarily, "[t]he title of [a] complaint must name all the parties" to an action under Federal Rule of Civil Procedure 10(a). Yet courts have discretion to permit parties to proceed anonymously, particularly where a plaintiff's claims are highly sensitive and personal in nature, as here. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189−90 (2d Cir. 2008). Under the Second Circuit's test, "the plaintiff's interest in anonymity [is] balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189. In balancing these interests, the court weighs, *inter alia*, whether:

- the litigation involves matters of a highly sensitive and of a personal nature,
- identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties,
- the plaintiff's identity has thus far been kept confidential,
- the plaintiff is particularly vulnerable to the possible harms of disclosure,
- the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, and
- the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity

*Id.* at 189−90 (quotations omitted).[1] The relevant factors weigh in favor of the Court granting this motion and will be discussed in turn below.

I. **PLAINTIFF HAS A STRONG INTEREST IN PROCEEDING ANONYMOUSLY BECAUSE OF THE SENSITIVE NATURE OF HER CLAIMS AND THE HIGH RISK OF RETALIATION TO HER AND HER FAMILY.**

   A. **Ms. Doe's human trafficking claims involve matters of a highly sensitive and personal nature.**

Ms. Doe seeks permission to proceed pseudonymously in this action involving highly sensitive and personal details about her experience in labor trafficking. Courts often permit a plaintiff to proceed anonymously where claims are highly sensitive and personal in nature. *See Sealed Plaintiff*, 537 F.3d at 189−90. A "[p]laintiff['s] anonymity should be permitted where a substantial privacy interest is involved. Embarrassment or economic harm to the plaintiffs is insufficient, but factors to consider as to whether plaintiffs' situation is compelling, involve[e] highly sensitive matters including social stigmatization." *Doe v. New York Univ.*, 786 N.Y.S.2d 892, 903 (Sup. Ct. 2004) (internal quotations omitted). Courts have found human trafficking cases to be highly personal and susceptible to social stigmatization, and, thus, granted trafficking survivors the protection of anonymity. *See Fla. Abolitionist v. Backpage.com LLC*, No: 6:17-cv-218-Orl-28TBS, 2017 BL 167107 at *1 (M.D. Fla. May 18, 2017) (allowing victim of human trafficking and sex slavery to proceed under a pseudonym because it is "reasonably foreseeable that the disclosure of her identity in this action will cause her social stigmatization"); *see also Doe v. Penzata*, No. CV10–5154 MEJ, 2011 WL 1833007 (N.D. Cal. May 13, 2011) (granting

---

[1] The remaining factors, which are either not relevant or not persuasive, are: (1) whether identification presents other harms and the likely severity of those harms, (2) whether the suit is challenging the actions of the government or that of private parties, (3) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and (4) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

anonymity to a victim of labor trafficking and sexual assault); *John Roe I v. Bridgestone Corp.*, 492 F. Supp. 2d 988, 991 (S.D. Ind. 2007) (granting petition of workers of a rubber plantation to bring labor trafficking and forced labor claims under pseudonyms).

Ms. Doe is recognized as a victim of human trafficking by the New York State Division of Criminal Justice Services. Letter from New York State Office of Temporary and Disability Assistance to Jane Doe (August 27, 2013). Defendants subjected Ms. Doe to degrading living conditions by denying her any privacy, yelling at her, and restricting her access to the outside world – all while expecting Ms. Doe to work fourteen hour days. Ms. Doe's highly sensitive and personal experiences in labor trafficking weigh in favor of this court allowing her to proceed anonymously.

### B. Given past retaliation towards Ms. Doe and her family, the risk of future retaliatory harm is great.

Public disclosure of Ms. Doe's identity risks physical and mental harm to Ms. Doe, as well as her family both here and in India. To warrant anonymity, the possible retaliatory harm "may be physical or psychological." *Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006). The potential harm can be to Plaintiff, "or even more critically, to innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190 (internal quotation and citation omitted); *see also Doe v. I.N.S.*, 867 F.2d 285, 286 n.1 (6th Cir. 1989) (permitting petitioner to proceed anonymously to protect petitioner's family from possible reprisals by the Chinese government or others in China). The threat of retaliation may come from defendants themselves, or from the larger community or other non-parties. *A.B.T. v. U.S. Citizenship & Immigration Servs.*, No. 2:11-cv-02108, 2012 WL 2995064, at *3 (W.D. Wash. July 20, 2012) ("Retaliation may include harm by third parties, reprisals against nonparties and economic harm.")

Ms. Doe and her family suffered severe retaliatory harm in the past, and reasonably fear that the harassment will resume if she is publicly named here. After Ms. Doe's escape, her husband and children and extended family began experiencing harassment in India. Her husband and son were detained by the Indian police several times and questioned about Ms. Doe's whereabouts. Ms. Doe's extended family in India received harassing telephone calls after speaking with her on the phone, and several of her relatives lost their jobs during this time, something for which they still blame Ms. Doe. Here in New York, Defendant Khobragade along with employees of the Indian Consulate followed Ms. Doe to a private immigration law office where Ms. Doe sought legal aid after she escaped. There, Defendant Khobragade pressed her to sign a document in English, which she did not understand.

In the five years since Ms. Doe's escape, the harassment against her and her family has decreased. Her children have moved to the United States and together they established ties in their local community. Identifying Ms. Doe would allow interested non-parties to locate her whereabouts, and disrupt the life she has built here for her family. Further, Ms. Doe still has extended family in India, and Ms. Doe fears her remaining family will experience harassing treatment if she is identified.

### C. Although Ms. Doe's Case Was Made Public Five Years Ago, Public Attention Has Since Receded.

Ms. Doe should be allowed to proceed anonymously in this action, despite being identified in the past criminal proceedings against Defendant Khobragade. In granting the Doe Motion in *Florida Abolitionists*, the court found that revealing the identity of a human trafficking and sex slave victim "will victimize her in much the same way the Government argues in child pornography cases that the child is victimized each time the pornographic video or photograph

depicting the child is viewed." 2017 BL 167107 at *1−2. Labor trafficking is also a deeply personal offense, which Ms. Doe should not have to relive in front of the public.

The prior publicity surrounding Ms. Doe occurred more than five years ago and greatly traumatized her. After her escape, Ms. Doe experienced anxiety, restlessness, insomnia, and depression. In the following months, Ms. Doe saw a counselor twice a week while living in a shelter, and spoke with her counselor on a monthly basis after moving out of the shelter. Ms. Doe will be re-traumatized if she must relive her abuse again under such intense public scrutiny.

### D. Ms. Doe is particularly vulnerable to the harms of disclosure because she faces social stigmatization within the Indian community.

Ms. Doe is particularly vulnerable to the harms of disclosure due to social stigmatization by the Indian community of being a victim of labor trafficking. Unlike the United States, India has a culture of live-in domestic workers, who typically work similar hours but for less pay than Ms. Doe did while working for Defendants. In 2012 – the same year Ms. Doe was trafficked to the United States – the average house servant in India worked "12 hours a day, six days a week" and made "only 4,000-10,000 rupees ($73-184)" in a month. *Can't Get the Help: Servants in India*, THE ECONOMIST (Dec. 22, 2012), https://www.economist.com/asia/2012/12/22/cant-get-the-help. In comparison, Ms. Doe made 30,000 rupees a month, at least three times more than a well-paid house servant in India.

Therefore, Ms. Doe may be shunned by the Indian community for being seen as ungrateful. Since escaping, Ms. Doe has established ties in the local Indian-American community and fears her family will be ostracized from that community if she is publicly named in this action.

## II. MS. DOE'S INTEREST IN PROCEEDING ANONYMOUSLY IS NOT OUTWEIGHED BY DEFENANTS INTEREST OR THE PUBLIC INTEREST.

### A. Defendants will not be prejudiced if Ms. Doe is allowed to proceed anonymously because she is already known to the Defendants.

Defendants will not be prejudiced by Ms. Doe proceeding anonymously because her identity is already known to them. Typically, courts are concerned that a defendant's discovery efforts may be frustrated by plaintiff's use a pseudonym. *See Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 225 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016) (holding that Delta Airlines would be prejudiced if a passenger arrested in an altercation with an employee was allowed to proceed anonymously); *see also E.W. v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (finding no prejudice to defendants in conducting discovery or trying the case by allowing plaintiff to proceed under a pseudonym because defendant already knew plaintiff's name). However, where the plaintiff's identity is known to the defendants, plaintiff's use of a pseudonym "will not hinder defendant's ability to pursue his legal defense in any way." *Doe v. Smith*, 105 F.Supp.2d 40, 45 (E.D.N.Y. 1999). Here, Defendants' discovery and defense are not hindered. Not only do Defendants know Ms. Doe's true identity, but they were in contact with her husband, assisted in her visa application, and took possession of her passports. Given such intimate knowledge of Ms. Doe, concealing her identity will not frustrate Defendants' efforts in this action.

### B. Revealing Ms. Doe's Identity Goes against the Public Interest.

The public interest will not be furthered by naming Ms. Doe in this action because doing so would hinder other victims of labor trafficking from coming forward. Ms. Doe is not the first nor is she the only victim of labor trafficking at the hands of a consular official. In just one year, sixteen women employed by consular officials were identified as potential victims of human trafficking by Polaris, a national anti-trafficking organization. *See Labor Trafficking in the U.S.:*

*A Closer Look at Temporary Work Visas*, POLARIS (Oct. 2015), https://polarisproject.org/resources/labor-trafficking-us-closer-look-temporary-work-visas.  The large power disparity that exists between consular officials and their domestic workers makes it especially difficult for the workers to come forward as victims of human trafficking.  Here, for example, Defendant Khobragade was promoted when she returned to India after her arrest, while Ms. Doe struggled to find housing.  Although Ms. Doe was named in the criminal proceedings, revealing her true identity in this action would create a strong deterrence for similar victims seeking retribution.

Further, if the public is vested in this human rights issue, their knowledge will not be hindered by identifying Plaintiff as 'Ms. Doe.'  "Granting a party the right to proceed anonymously, on the other hand, is not the equivalent of sealing records and does not prevent the public from accessing records."  *New York Univ.*, 786 N.Y.S.2d at 902−03.  There is little public interest in knowing Ms. Doe's true name.

## CONCLUSION

For the foregoing reasons, Ms. Doe's motion should be granted permitting her to remain anonymous in all public court filings and preventing Defendants from further revealing her true identity to anyone outside the scope of this litigation.  Ms. Doe's interest in bringing these highly personal claims anonymously greatly outweighs any public interest or prejudice to the Defendants.  Ms. Doe is entitled to remain anonymous in this action.

Dated: New York, New York
       November 29, 2018

                          Respectfully submitted,

                          /s/ Sumani Lanka

                          **THE LEGAL AID SOCIETY**
                          Adriene Holder, *Attorney-in-Charge, Civil Practice*
                          Karen Cacace, *Director, Employment Law Unit*
                          Sumani Lanka, *Staff Attorney, Employment Law Unit*
                          199 Water Street, 3rd Floor
                          New York, New York 10038
                          Telephone: (212) 577-3314
                          Facsimile: (646) 616-9468

                          **DECHERT LLP**
                          David Kelley
                          1095 Avenue of the Americas
                          New York, NY 10036
                          Telephone: (212) 698-3500
                          Facsimile: (212) 698-3599

                          *Attorneys for Plaintiff*